The Honorable John Bynum Prosecuting Attorney Fifth Judicial District 312 W. 2nd P.O. Box 1587 Russellville, AR 72801
Dear Mr. Bynum:
This is in response to your request for an opinion on the following questions concerning voter registration and absentee voting:
 1. Can an attorney-in-fact (a person with a written power of attorney) sign a voter registration affidavit for the person he represents?
 2. What authority does an attorney-in-fact have regarding absentee voting? For example, can an attorney-in-fact sign a signature on an application for a ballot in the statement of the voter?
It is my opinion that the answer to your first question is "no." Voter registration is governed by Amendment 51 to the Arkansas Constitution. Section 6 of Amendment 51 addresses the form of the affidavit of registration, and states in relevant part under subsection (b) that the back of the affidavit shall contain:
 (1) Signature. When registering the voter shall manually sign with ink or indelible pencil the original and all copies of the Affidavit of Registration, the signature to include given name, middle name or initial (if any), and last name. If the voter is unable to sign his name, the voter, witnessed by the Permanent or Deputy Registrar, may sign with a mark or cross. If the voter signs with a mark or cross or is unable to sign or make a mark or a cross, the Permanent or Deputy Registrar shall so indicate in the space provided for the voter's signature, and must write in said space the month and day of the voter's birth.
Amendment 51 thus clearly requires the voter's signature on the Affidavit of Registration or, in the alternative, the voter's mark or cross or the Registrar's indication that the voter was unable to sign or make a mark or cross. No provision is made for anyone else's signature on behalf of the voter. Rather, the alternatives to the signature requirement evidence the intent to require registration by the voter himself. See Ark. Const. Amend. 51, § 6(b)(1), supra. Provision is made, however, for registration at the applicant's place of abode in the event he or she is unable to register in person at the Permanent Registrar's office due to sickness or physical disability. See Ark. Const. Amend. 51, § 9(e).
There appears to be no separate authority for an attorney-in-fact to sign a voter registration form. Indeed, it may reasonably be concluded that any such grant of authority, whether at common law or pursuant to legislative enactment, would be superseded by Amendment 51.
It is my opinion, in response to your second question, that an attorney-in-fact cannot sign an application for an absentee ballot on behalf of a voter.[1] Arkansas Code of 1987 Annotated § 7-5-403(a) (Cum. Supp. 1991) states that "[a]pplications for absentee ballots must be signed by the applicant. . . ." The statute is therefore clear in this regard. It is also significant to note that the signature on the absentee ballot application must be determined by comparison to be identical with the signature on the Affidavit of Registration.See A.C.A. § 7-5-411 (1987); Ark. Const. Amend. 51, § 13(d);Loyd v. Keathley, 284 Ark. 391, 682 S.W.2d 739 (1985). This constitutional safeguard would be nullified if someone other than the applicant signed the absentee ballot application. And the Arkansas Supreme Court has stated that the provisions of Amendment 51, and the statutes relating to the duties of voters in applying for and casting absentee ballots, must be strictly complied with. Bingamin v. City of Eureka Springs,241 Ark. 477, 408 S.W.2d 607 (1966).[2]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The attorney-in-fact could, it seems, be the authorized agent of an applicant who is a patient in a hospital or nursing home. See A.C.A. § 7-5-403 (Cum. Supp. 1991). This only applies, however, to the delivery of absentee ballot applications to the county clerk's office.
[2] A question may be raised concerning the constitutionality of the signature requirement, in light of the fact that there is no clearly delineated alternative for the voter who is unable to sign or make a mark or cross on an absentee ballot application.See generally Smith v. State of Arkansas, 385 F.Supp. 703
(E.D. Ark. 1974). (It is possible that if faced with the question, a court would construe the provision under Amendment 51 for the Permanent Registrar's verification of the voter's month and date of birth as applying to absentee voting.) In any event, however, it seems clear that there is no provision for an attorney-in-fact to sign on behalf of a voter.